THOMAS IUSO, PLAINTIFF-RESPONDENT, v.
MATTIE CAPEHART, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 2, 1976—Decided March 18, 1976.

Before Judges HALPERN, CRANE and MICHELS.

*Mr. Theodore A. Gardner* argued the cause on behalf of appellant (Hudson County Legal Services, attorney).

Respondent filed no brief and did not participate in oral argument.

The opinion of the court was delivered by

CRANE, J. A. D. This is an appeal by defendant tenant from a judgment of the Hudson County District Court in a landlord and tenant action conditionally granting the possession of residential premises to plaintiff landlord.

There is some question as to whether the judgment is final under *R.* 2:2–3 because of the following notation placed on the file jacket at the direction of the trial court:

3-2-75----Judgment and Warrant held until
(1) Security Registered properly;
(2) Building Registered.
Warrant then to issue unless tenant pays $353.75.
Assignment of escrow Law can account for $340.00.

Nevertheless, because the nature of the errors alleged relates to the jurisdiction of the trial court, *N. J. S. A.* 2A: 18-59, and in the interest of disposing of the litigation, we have exercised our discretion in favor of entertaining the appeal. *Yuhas v. Mudge,* 129 *N. J. Super.* 207, 209 (App. Div. 1974).

Our review of the record has persuaded us that the judgment must be reversed for several reasons.

The trial judge erred in refusing to consider evidence of the condition of defendant's apartment in determining the amount of rent due. In a summary action for possession where the amount of rent due is in issue, the tenant may show a breach of the covenant of habitability by way of set-off. *Berzito v. Gambino,* 63 *N. J.* 460 (1973); *Academy Spires, Inc. v. Brown,* 111 *N. J. Super.* 477 (Cty. D. Ct. 1970). The issue is jurisdictional and appealable. *Marini v. Ireland,* 56 *N. J.* 130 (1970). The trial judge should have permitted defendant to present evidence on the issue of habitability, and should have made specific findings of fact in acordance with *R.* 1:7-4.

The trial judge also erred in refusing to permit defendant's security deposit in the amount of $170 to be applied to the rent due. *N. J. S. A.* 46:8-19 provides that where a person receiving a security deposit fails to notify the tenant of the name and address of the banking institution where the money is deposited, "the tenant may give written notice to the person receiving the same that such security money be applied on account of rent payment or payments due or to become due from the tenant. * * *" It was undisputed that the landlord did not notify the tenant of the banking institution where the money was deposited, and that the tenant did notify the landlord of her

desire to apply the deposit to the rent due. The trial judge was mistaken in ruling that the tenant's notice to the landlord in March 1975 was too late to require the landlord to apply the deposit to rent due for February and part of January 1975.

The judge also erred in entering judgment despite the landlord's admitted failure to file a registration statement with the municipal clerk pursuant to *N. J. S. A.* 46: 8–28. Under the provisions of *N. J. S. A.* 46:8–33 no judgment for possession may be entered unless the landlord has complied with the registration requirement. The trial judge could have, in conformity with the further provision of *N. J. S. A.* 46:8–33, continued the matter for a period of up to 90 days to permit the landlord to register the premises. However, the entry of judgment conditioned upon his doing so was improper. *McKinley v. Slenderella Systems of Camden, N. J., Inc.*, 63 *N. J. Super.* 571, 587 (App. Div. 1960).

Reversed.