**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0445-23

MARIA A. ORTIZ,

    Plaintiff-Respondent,

v.

ROBERTO FIGUEROA
and FELIPE FIGUEROA,

    Defendants-Appellants.

_____

        Submitted May 28, 2024 – Decided September 6, 2024

        Before Judges Berdote Byrne and Bishop-Thompson.

        On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. LT-002181-23.

        Essex-Newark Legal Services, attorneys for appellants (Juan A. Jurado and Felipe Chavana, on the brief).

        Respondent has not filed a brief.

PER CURIAM

In this landlord-tenant matter, defendants Roberto Figueroa and Felipe Figueroa appeal from the August 28, 2023 final judgment of possession of an apartment. Having reviewed defendants' arguments in light of the record and applicable principles of law, we reverse.

The record shows in 2011, then-landlords, Jose Flores and Miguel Cardona, entered an oral lease with Felipe Vargas and defendants, to rent a third-floor apartment in Newark for $850 per month inclusive of all utilities. Vargas passed away in 2021. Flores passed away, followed by Cardona, in 2022. Following the death of Cardona, title of the Newark property transferred to plaintiff Maria Ortiz. Defendants continued to pay $850 per month under the terms of the oral lease. At some point, plaintiff orally notified defendants of an increase in the monthly rent for reimbursement for electric and gas utilities. Defendants responded that utilities were included in the monthly rent and "[it was] not going to change." Plaintiff did not file a landlord registration statement with Newark.

In March 2023, plaintiff filed an eviction complaint, seeking payment for reimbursement of the utilities. The complaint specifically sought $1,800 for a "light bill" expense. Plaintiff also claimed that she wanted to occupy the premises as her residence.

2

Following a bench trial, the trial court issued an oral opinion finding defendants owed $1,800 for one year of unpaid gas and utilities. A final judgment of possession was entered on August 28, 2023.

On appeal, defendants argue the court erred in finding that utility charges constituted rent. Defendants also argue the entry of judgment was improper because of plaintiff's failure to register the property. We are persuaded by defendants' arguments and agree.

We review final determinations made by the trial court "premised on the testimony of witnesses and written evidence at a bench trial, in accordance with a deferential standard." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). The factual findings and legal conclusions of the trial judge are not disturbed "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . ." In re Trust Created by Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008) (quoting Rova Farms Resort, Inc. v. Inv's Ins. Co., 65 N.J. 474, 484 (1974)). On the other hand, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (alteration in original) (quoting

Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

The Anti-Eviction Act (Act), N.J.S.A. 2A:18-61.1 to -61.12, was enacted "to protect residential tenants against unfair and arbitrary evictions by limiting the bases for their removal." Magiles v. Estate of Guy, 193 N.J. 108, 121 (2007) (quoting 447 Assocs. v. Miranda, 115 N.J. 522, 528 (1989)).  Under the Act, a landlord may evict a tenant from a residential apartment if the tenant "fails to pay rent due and owing under the lease whether the same be oral or written . . . ." N.J.S.A. 2A:18-61.1(a).  However, "the amount claimed to be due must be 'legally owing' at the time the complaint was filed." McQueen v. Brown, 342 N.J. Super. 120, 126 (App. Div. 2001) (quoting Chau v. Cardillo, 250 N.J. Super. 378, 384 (App. Div. 1990)).

"A month-to-month tenancy is a continuing relationship that remains unabated at its original terms until terminated by one of the parties."  Harry's Vill., Inc. v. Egg Harbor Twp., 89 N.J. 576, 583 (1982).  "To increase the rent of a month-to-month tenant, the landlord must serve a notice to quit terminating the old tenancy and another notice offering a new tenancy at an increased rent." Ibid.

A-0445-23

Having reviewed the record and considered the governing law, we conclude the court erred in awarding judgment of possession to plaintiff. The parties do not dispute they had an oral landlord-tenant relationship for a month-to-month tenancy. Defendants continued to pay $850 a month and plaintiff continued to accept that amount for rent. Although plaintiff testified that she gave oral notice to defendants of the increase in monthly rent, plaintiff did not serve defendants with a notice to quit or a notice of a new lease with the proposed monthly rent. Thus, plaintiff was bound by the terms of the oral lease.

Moreover, plaintiff's claim that defendants owed $1,800 in unpaid rent for a "light bill expense" is unsupported by the record. Plaintiff offered no proofs to show the monthly cost of the electric utility or that she gave notice to defendants for the electric utility expense. Accordingly, plaintiff's claim that defendants "legally owed" a light bill expense is not supported by the record.

A landlord must establish not only that the rent is lawfully due, but also that the tenancy is properly registered pursuant to N.J.S.A. 46:8-28.2. Landlords are required to register with municipalities, unless the tenancy involves a "multiple dwelling," which is defined as "any building or structure of one or more stories . . . in which three or more units of dwelling space are occupied, or

5

are intended to be occupied by three or more persons who live independently of each other." N.J.S.A. 55:13A-3(k).

"Under the provisions of N.J.S.A. 46:8-33 no judgment for possession may be entered unless the landlord has complied with the registration requirement." Iuso v. Capehart, 140 N.J. Super. 209, 212 (App. Div. 1976). Accordingly, a landlord's complaint must include a verified statement that the landlord has registered the leasehold and notified the tenant. See N.J.S.A. 46:8-28.

At trial, the record is devoid of any competent proof demonstrating that plaintiff complied with the registration requirements. The only evidence offered as to the landlord's registration was plaintiff's initial testimony that she registered. Plaintiff later testified that she was "behind" with the registration. We discern from the record that plaintiff had not complied with the requirements. The trial court erred in entering the judgment of possession to plaintiff given the admitted failure to file a registration statement with the municipal clerk pursuant to N.J.S.A. 46:8-28.

Reversed. The judgment of possession is vacated, and plaintiff's complaint is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6